```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 09-14347-Civ-GRAHAM
                           MAGISTRATE JUDGE P.A. WHITE

LEO MAURICE McCLENDON,         :

     Petitioner,               :
v.
                               :        REPORT OF
WALTER A. McNEIL,                    MAGISTRATE JUDGE
                               :
     Respondent.
_____:
```

Leo Maurice McClendon, a state prisoner confined at Taylor Correctional Institution-Annex at Perry, Florida, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions entered in Case No. 01-01316 in the Circuit Court of the Nineteenth Judicial Circuit of Florida at Martin County on five grounds of ineffective assistance of trial counsel and one ground of ineffective assistance of appellant counsel with regard to an appeal from the denial of a motion for postconviction relief.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, the Court has the petitioner's response to an order regarding the limitations period, and the respondent's response to an order to show cause with multiple exhibits.

The procedural history of this case is as follows. McClendon was convicted after jury trial of the offenses of trafficking in

400 grams or more of cocaine and carrying a concealed weapon. (DE# 11; Ex. B). The trial court sentenced him to a term of fifteen years' imprisonment followed by a two-year term of drug offender probation on the trafficking conviction and a five-year term of imprisonment on the weapon conviction. (DE# 11; Ex. C). The terms were imposed to run concurrently. Id. McClendon's convictions and sentences were *per curiam* affirmed by the Florida Fourth District Court of Appeal in a decision without written opinion issued on December 27, 2006. (DE# 11; Ex. E). See also McClendon v. State, 947 So.2d 446 (Fla. 4 DCA 2006)(table).

On March 27, 2007, McClendon returned to the trial court, filing a pro se motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850. (DE# 11; Ex. F). He raised the identical five grounds of ineffective assistance of trial counsel that he presents in this federal proceeding. Id. In a written order entered on October 12, 2007, the trial court summarily denied the motion, finding the claims meritless. (DE# 11; Ex. G). McClendon did not file a timely notice of appeal from the trial court's ruling. On April 15, 2008, McClendon filed a pro se petition for writ of habeas corpus in the Florida Fourth District Court of Appeal, seeking a belated appeal from the denial of postconviction relief. (DE# 11; Ex. H). The court denied McClendon's petition without explanation by order entered on May 6, 2008, and denied his motion for rehearing on June 23, 2008. (DE# 11; Ex. I). McClendon took an appeal to the Florida Supreme Court from the denial of his state habeas petition, filing a pro se petition for writ of certiorari on August 5, 2008.[1] (DE# 11; Ex. J). The Florida Supreme Court treated the petition for writ of certiorari as a notice to invoke

---

[1] McClendon's petition for writ of certiorari was improperly filed in the Florida Fourth District Court of Appeal and was subsequently transferred to the Florida Supreme Court. (DE# 11; Ex. J).

2

discretionary jurisdiction and on August 18, 2008, dismissed the petition, *citing*, Stallworth v. Moore, 827 So.2d 974 (Fla. 2002).[2] (DE# 11; Ex. J, K). See also McClendon v. State, 990 So.2d 1059 (Fla. 2008)(table). No motion for rehearing was entertained by the Court. Id.

Just shy of fourteen months after all state court proceedings had concluded, McClendon filed in this Court on October 8, 2009,[3] the instant federal pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The respondent in his response to the order to show cause asserts that the instant petition is time-barred pursuant to 28 U.S.C. §2244(d), warranting dismissal of the petition. Full and careful review of the record has revealed that the respondent's assertion of time-bar is meritorious and this petition should be dismissed as time-barred for the reasons indicated immediately below.[4]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for

---

[2]The Florida Supreme Court held in *Stallworth* that it did not have discretionary review jurisdiction or extraordinary writ jurisdiction to review per curiam denials of relief on extraordinary writ petitions or petitions for postconviction relief that were issued without opinion or explanation. Stallworth v. Moore, 827 So.2d 974 (Fla. 2002).

[3]This Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008). See also Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[4]This Court agrees with the respondent's conclusion that this petition has been filed beyond the applicable one-year statute of limitations, although certain dates relied upon by the respondent when calculating the one-year period are incorrect.

3

seeking such review. See 28 U.S.C. §2244(d)(1)(A);[5] Jimenez v. Quarterman, 555 U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[6] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is subject to equitable tolling in appropriate cases. Holland v. Florida, ___ U.S. ___, 2010 WL 2346549 (June 14, 2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application

---

[5]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[6]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

The judgment of conviction and sentence in the instant case became final at the latest on March 27, 2007, ninety days after the Florida Fourth District Court of Appeal affirmed his convictions and sentences on direct appeal. See Jimenez v. Quarterman, 129 S.Ct. at 685; SUP.CT.R. 13(1). This federal petition for writ of habeas corpus challenging the instant convictions was not filed until October 8, 2009, more than one-year after the date on which the convictions and sentences became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, McClendon pursued postconviction challenges to his convictions and sentences in both the state trial and appellate courts. Based upon the record here as set-forth above, the one-year limitation period commenced running on November 12, 2007, thirty days after the trial court denied his Rule 3.850 motion. From that date, McClendon waited **154-days** before filing in the state appellate court his petition for belated appeal. The petition was denied on June 23, 2008.[7] After waiting,

---

[7]It is noted that because McClendon's belated appeal was not a direct appeal of his convictions, the United States Supreme Court case Jimenez v. Quarterman, 555 U.S. ___, 129 S.Ct. 681, 686, 172 L.Ed.2d 475 (2009)(holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A).") does not affect the calculation of McClendon's AEDPA clock. See

**43-days**, he filed a petition for discretionary review in the Florida Supreme Court. The limitations period is not statutorily tolled, however, during the time McClendon's petition for discretionary review was pending in the Florida Supreme Court. Under Florida law, the Florida Supreme Court lacks jurisdiction to review per curiam decisions of the state district courts of appeal rendered without written opinion. See Jenkins v. State, 385 So.2d 1356 (Fla. 1980). Further, the Florida Supreme Court does not have discretionary review jurisdiction or extraordinary writ jurisdiction to review per curiam denials of relief on extraordinary writ petitions or petitions for postconviction relief that were issued without opinion or explanation. Stallworth v. Moore, 827 So.2d 974 (Fla. 2002). This principle of Florida law has long been recognized by the United States Supreme Court, see Hobbie v. Unemployment Appeals Comm'n of Florida, 480 U.S. 136, 139 n.4, 107 S.Ct. 1046, 94 L.Ed.2d 190 (1987), and the Eleventh Circuit Court of Appeals, see Byrd v. Wainwright, 722 F.2d 716, 718 n.2 (11 Cir. 1984).

Accordingly, McClendon's attempt to invoke the discretionary jurisdiction of the Florida Supreme Court is not a "properly filed" application for state post-conviction relief pursuant to Artuz v. Bennett, 531 U.S. 4, 9, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), and therefore has no tolling effect whatever on the federal limitations period because such relief is not available under Florida law. See Reighn v. McNeil, ___ F.Supp.2d ___, 2009 WL 3644805, *4 (N.D.Fla. Oct 30, 2009)(holding that Petitioner's notice to invoke the discretionary review jurisdiction of the Florida Supreme Court was not a "properly filed" application for state post-conviction relief in that Petitioner sought review of a per curiam affirmance without

---

Hollinger v. Secretary Dept. of Corrections, 334 Fed.Appx. 302, 305, n. 4 (11 Cir. 2009).

written opinion from denial of Rule 3.850 motion), *certificate of appealability denied*, ___ F.Supp.2d ___  2009 WL 4673779 (N.D.Fla. Dec 08, 2009). See also Wright v. McNeil, 2009 WL 1058733, *2 n.4 (N.D.Fla. 2009)(unpublished)(holding that petitioner's notice to invoke the discretionary jurisdiction of the Florida Supreme Court from a per curiam affirmance of order denying Rule 3.850 motion where the Supreme Court of Florida dismissed the petition for review for lack of jurisdiction, citing Jenkins v. State, 385 So.2d 1356 (Fla.1980) did not toll federal statute of limitations); Wilson v. Crosby, 2006 WL 3219602, at *6 (N.D.Fla. 2006)(unpublished)(holding that prisoner's notice to invoke discretionary jurisdiction of Florida Supreme Court to review per curiam decision issued in direct appeal did not toll the limitations period under §2244(d)(2)); Grove v. Secretary, 2009 WL 179626, at *4 (M.D.Fla. 2009)(unpublished)(same concerning notice to invoke discretionary jurisdiction of Florida Supreme Court to review denial of postconviction relief); Fiqueras v. Florida, 2008 WL 2856747, at *5 (M.D.Fla. 2008)(unpublished); Bismark v. Crosby, 2005 WL 1051435 (M.D.Fla. 2005)(unpublished) (same).

Without giving McClendon tolling time credit for the proceedings before the Florida Supreme Court, there is a total of **626-days** of untolled time before the instant federal habeas corpus petition was filed. The petition was therefore due in this Court on January 20, 2009. Even if this Court were to give McClendon tolling time credit for the time the Florida Supreme Court proceedings were pending, the instant petition would nevertheless be time-barred in that there would be **613-days** of untolled time with the federal petition being due on February 2, 2009. Thus, in order for this petition to be deemed timely, McClendon must demonstrate that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable

tolling of the limitations period.

McClendon has expressly addressed the limitations issue in his form petition and a response to this Court's order regarding the limitations period. <u>See</u> Petition at ¶18; Petitioner's Response to §2254 Limitations Period. (DE# 1, 14). McClendon is asserting that he is entitled to equitable tolling on the basis of attorney misconduct. Specifically, he alleges that on or about October 27, 2007, his family retained private counsel, David Lamos, to pursue an appeal from the trial court's order denying him postconviction relief. McClendon states that counsel never pursued such an appeal, requiring him to seek belated appellate relief on a <u>pro se</u> basis. However, the Florida courts ruled that he could not pursue a belated appeal.

While McClendon has not submitted to this Court any documentation supporting his assertion, he filed a supporting Appendix in the state habeas corpus proceeding. <u>See</u> Appendix to Petition for Writ of Habeas Corpus for a Belated Appeal. (DE# 11; Ex. H). McClendon included a letter dated October 26, 2007, from attorney David Lamos, stating that he and Lamos had spoken on the telephone that date regarding the possibility of filing a second or successive Rule 3.850 motion. (Letter to Leo McClendon from David Lamos dated October 26, 2007). Counsel Lamos explained to McClendon the applicable Florida rules regarding the filing of a successive motion. <u>Id</u>. Attorney Lamos concluded the letter, stating: "Because you are still within the 2 years to file and because I have not seen your original 3.850 motion, the order denying, or the attachments thereto I recommend evaluation of a possible successive petition. *Upon being retained* we will take the next step." (emphasis added). <u>Id</u>. McClendon also submitted to the state appellate court a copy of a letter he sent to the Clerk, Martin

8

County Circuit Court dated December 20, 2007, inquiring as to the status of his appeal from the denial of his Rule 3.850 motion. (Appendix A). By letter dated December 27, 2007, the Clerk, responded, stating that there was no appeal taken from the motion as indicated by the docket of the court, a copy of which was sent to McClendon. Id.

As indicated above, a petitioner" is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace, 544 U.S. at 418, 125 S.Ct. 1807 (emphasis deleted). Here, the "extraordinary circumstances" at issue involve an alleged attorney's failure to satisfy professional standards of care with regard to the postconviction relief proceedings. The Supreme Court has recently held that to be entitled to equitable tolling on this basis, the attorney conduct need not be "grossly negligent" and the petitioner is not required to show "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." Holland v. Florida, ___, U.S. ___, 2010 WL 2346549, *12 (June 14, 2010)(rejecting the Eleventh Circuit Court of Appeals' view that, when a petitioner seeks to excuse a late filing on the basis of his attorney's unprofessional conduct, that conduct, even if it is "negligent" or "grossly negligent," cannot "rise to the level of egregious attorney misconduct" that would warrant equitable tolling unless the petitioner offers "proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth.").

When applying the applicable less-rigid standard for attorney misconduct to the facts of this case, McClendon is not entitled to equitable tolling of the limitations period. Other than McClendon's self-serving statements, there is no support whatever in the record

9

that McClendon in fact retained attorney Lamos and, if retained, the representation was for the purpose of pursuing an appeal from the trial court's order.[8] It appears as if Lamos and McClendon, instead, discussed the possibility of Lamos pursuing on McClendon's behalf a second Rule 3.850 motion. No other letter from or to attorney Lamos, or affidavit(s) from counsel or McClendon's family, has been submitted indicating otherwise. In other words, McClendon has failed to establish that the facts of this case show serious instances of attorney misconduct as had occurred in *Holland*. Even if attorney Lamos had been retained and his conduct could in any way be viewed as negligent in that he misunderstood the purpose of his intended representation, resulting in the missed deadline, such conduct does not constitute serious attorney misconduct but, rather, is "garden variety" negligence, which is not a basis for equitable tolling. Holland, 2010 WL 2346549, *22, *citing*, Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Moreover, McClendon has also not demonstrated that he has been diligently pursuing his rights. Although McClendon might have believed that he had retained counsel to pursue an appeal in the Rule 3.850 proceeding, there is no indication in the record that he contacted counsel in an attempt to clarify the purpose of the representation.[9] Instead, he took no action at all from October 26,

---

[8]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir. 1991) (recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)). See also Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

[9]McClendon states in his petition:

After the lower court summarily denied Petitioner's 3.850 motion in case # 01-1316 CFA, Petitioner immediately hired attorney David Lamos to perfect Petitioner's appeal. However, after carefully reading Petitioner's

10

2007, until December 20, 2007 (**55-days**), when he sent a letter to the Clerk, Martin County Circuit Court to inquire about the status of his supposed appeal. Even after learning from the Clerk that no such appeal was pending, McClendon then waited an additional **110-days**, until December 27, 2007, before filing his petition for belated appeal. Then, from the conclusion of his final state court proceeding, he waited yet another **416-days** before filing the instant federal petition (i.e., from August 19, 2008, until October 8, 2009). McClendon offers no explanation whatever for the delay in filing the instant federal petition. Thus, review of the record in this case reveals that McClendon has not pursued the process with diligence and alacrity. He has, therefore, not sustained his burden of proving that the application of the equitable tolling doctrine is warranted here. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Irwin, 498 U.S. at 96. "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

It appears that McClendon might also be claiming that he is entitled to equitable tolling of the limitations period on the basis of actual innocence. See Petition at ¶18. (DE# 1). It is first noted that it is still unclear whether the Eleventh Circuit will recognize an "actual innocence" exception to the AEDPA's one

---

attorney's response letter, Petitioner was confused as to weather [sic] Mr. Lamos was only filing a successive Rule 3.850 motion as we talked about but also an appeal on the denial of the original 3.850 motion as requested by Petitioner.

(emphasis supplied)(Petition at 8a)(DE# 1).

year statute of limitations.[10] See e.g., Milton v. Secretary, Department of Corrections, 347 Fed.Appx. 528, 2009 WL 3150246 (11 Cir. 2009), *citing*, Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11 Cir. 2000)("To avoid answering that difficult constitutional question until necessary, we have held that before addressing whether the AEDPA's limitations period constitutes a violation of the Suspension Clause in the case of a claim of actual innocence, we should first consider whether the petitioner can show actual innocence."); Taylor v. Secretary, Dep't of Corrections, 230 Fed. Appx. 944, 945 (11 Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence.").

"To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." Id. at 537. In this context, "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer

---

[10]Several other circuit courts have recognized such an exception. See e.g., Souter v. Jones, 395 F.3d 577, 602 (6 Cir. 2005)("[W]e hold that where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims."); Flanders v. Graves, 299 F.3d 974, 977 (8 Cir. 2002)("[A]ctual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their merits, claims that would otherwise be procedurally barred.").

v. Whitley, 505 U.S. 333, 339 (1992). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Here, McClendon fails to state a colorable claim of actual innocence. McClendon presents only his self-serving, conclusory assertion that he is actually innocent of the charges for which he stands convicted.[11] See Petition at ¶18. McClendon has submitted no evidence whatever let alone "new reliable evidence" to support his claim of actual innocence of the subject crimes nor has he suggested that this requisite evidence exists so as to meet the stringent standard. See House v. Bell, 547 U.S. 518.

The record also does not indicate that McClendon was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus. McClendon has no statutory right to counsel in postconviction proceedings. See Lawrence, 127 S.Ct. at 1085; Murray v. Giarratano, 492 U.S. 1, 10, 12, 109 S.Ct. 2765, 2771-72, 106 L.Ed.2d 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 555-57, 107

---

[11]As indicated, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value.

S.Ct. 1990, 1993-94, 95 L.Ed.2d 539 (1987). Finally, McClendon's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Finally, Petitioner's request for an evidentiary hearing should be denied. An evidentiary hearing is not required in this case, because the habeas petition can be resolved by reference to the state court record. 28 U.S.C. §2254(e)(2); Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). See also Atwater v. Crosby, 451 F.3d 799, 812 (11 Cir. 2006)(addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

In conclusion, McClendon has presented no valid justification supported by the record for his failure to file his federal habeas corpus petition attacking the instant convictions before the expiration of the one-year limitations period. The time-bar is

ultimately the result of McClendon's failure to timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Since the claims raised by McClendon in this habeas corpus proceeding instituted on October 8, 2009, are untimely, the claims are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and McClendon is not entitled to review on the merits of those claims. Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).[12]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 28th day of June, 2010.

UNITED STATES MAGISTRATE JUDGE


cc:   Leo Maurice McClendon, Pro Se
      DC# J15383
      Taylor Correctional Institution-Annex
      8629 Hampton Springs Road
      Perry, FL 32348

---

[12] Even if this petition were not subject to dismissal as time-barred, it appears as if McClendon would not be entitled to review on the merits of the claims presented in this federal petition in that the ineffective assistance of trial counsel claims are unexhausted and prospectively procedurally barred, because McClendon never took an appeal from the denial of his Rule 3.850 motion. In Florida, claims of ineffective assistance of trial counsel are raised in a Rule 3.850 motion. To exhaust such claims, the claims must be raised in the Rule 3.850 motion and an appeal from its denial. See Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979). Further, his claim of ineffective assistance of postconviction counsel is not cognizable in this federal proceeding. As indicated herein, prisoners have no constitutional right to post-conviction counsel. See Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007; Murray v. Giarratano, 492 U.S. 1, 10, 12, 109 S.Ct. 2765, 2771-72, 106 L.Ed.2d 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 555-57, 107 S.Ct. 1990, 1993-94, 95 L.Ed.2d 539 (1987).

Melynda Melear, AAG
Office of the Attorney General
1515 North Flagler Drive, #900
West Palm Beach, FL 33401-3428